UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

MICHAEL MARR #186617,

        Plaintiff,                              Case No. 2:08-cv-232

v.                                                         Honorable R. Allan Edgar

JENNIFER HARRISON, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I. Factual allegations

Plaintiff Michael Marr #186617, an inmate at the Carson City Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Library Technician Jennifer Harrison, Library Technician Chris Henson, Corrections Officer Unknown Harrison, and Corrections Officer E. Warner. Plaintiff alleges in his complaint that Defendants Jennifer Harrsion, Henson, and Unknown Harrison conspired to issue a false retaliatory misconduct on Plaintiff on September 14, 2005. Plaintiff alleges that he filed a grievance on Defendant Henson on September 12, 2005.

Plaintiff also alleges that he filed a second grievance on Defendant Henson on September 19, 2005, after which he received a major misconduct report from Defendant Warner on September 27, 2005. Finally, Plaintiff alleges that Defendant Warner wrote a major misconduct ticket on him on March 14, 2006. At the time he wrote the ticket, Defendant Warner allegedly told Plaintiff that "his buddies" stated that it had been awhile since Plaintiff had gotten a misconduct ticket. Plaintiff seeks damages and equitable relief.

II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that he received false retaliatory misconduct tickets from Defendants Henson and Warner, and that this was the result of a conspiracy amongst all the named Defendants. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (N.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). The Sixth Circuit has held that a claim of retaliation brought by a prisoner under § 1983 must be analyzed under the Fourteenth Amendment principles of substantive due process. *McLaurin v. Cole*, 115 F.3d 408, 410 (6th Cir. 1997); *Cale v. Johnson*, 861 F.2d 943 (6th Cir. 1988).

Claims of retaliation "are especially prone to abuse. It is easy for a prisoner to allege bad motive and thereby embroil prison officials in protracted yet groundless litigation." *DeRobertis*, 598 F. Supp. at 506. "Merely alleging the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars"

fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at * 1 (9th Cir. Apr. 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff's allegation that the misconduct tickets issued by Defendants Unknown Harrison and Warner were in retaliation for Plaintiff having filed grievances on Defendant Henson is patently conclusory and unsupported by any specific allegations.

Moreover, it is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under 42 U.S.C. § 1983. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984). As noted above, Plaintiff's allegations are entirely conclusory. Therefore, Plaintiff's complaint is properly dismissed.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: October 8, 2008

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); F ED. R. C IV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).