UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL MARR #186617,

        Plaintiff,                  Case No. 2:08-cv-232

v.                                        Honorable R. Allan Edgar

JENNIFER HARRISON, et al.,

        Defendants.
_____/

## OPINION

        Plaintiff Michael Marr #186617, an inmate currently confined at the Newberry Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Library Technician Jennifer Harrison, Library Technician Chris Henson, Corrections Officer Unknown Harrison, and Corrections Officer E. Warner. Plaintiff alleges in his complaint that Defendants Jennifer Harrsion, Henson, and Unknown Harrison conspired to issue a false retaliatory misconduct on Plaintiff on September 14, 2005. Plaintiff alleges that he filed a grievance on Defendant Henson on September 12, 2005.

        Plaintiff also alleges that he filed a second grievance on Defendant Henson on September 19, 2005, after which he received a major misconduct report from Defendant Warner on September 27, 2005. Finally, Plaintiff alleges that Defendant Warner wrote a major misconduct ticket on him on March 14, 2006. At the time he wrote the ticket, Defendant Warner allegedly told Plaintiff that "his buddies" stated that it had been awhile since Plaintiff had gotten a misconduct ticket. Plaintiff seeks damages and equitable relief.

Plaintiff's complaint was originally dismissed by this court for failing to state a claim on January 5, 2009. Plaintiff filed an appeal and, on December 15, 2009, the Sixth Circuit reversed the dismissal and remanded the case to this court.

Presently before the Court is the Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. In the motion, Defendants assert that Plaintiff did not exhaust his administrative remedies (docket #22). Plaintiff has responded by filing a motion to voluntarily dismiss this action without prejudice (docket #25). Defendants filed a response to Plaintiff's motion, asserting that the court should deny Plaintiff's motion, grant the motion for summary judgment, and dismiss the action with prejudice. However, the court notes that a dismissal for failure to exhaust administrative remedies is without prejudice, which is the same result being sought by Plaintiff. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Accordingly, the court will grant Plaintiff's motion for voluntary dismissal without prejudice and deny Defendants' motion for summary judgment as moot.

An Order and Judgment consistent with this Opinion will be entered.

Dated: 3/21/2011                    /s/ R. Allan Edgar
                                    R. ALLAN EDGAR
                                    UNITED STATES DISTRICT JUDGE